| Matter of Huggins |
| --- |
| 2023 NY Slip Op 34620(U) |
| December 29, 2023 |
| Surrogate's Court, Bronx County |
| Docket Number: File No. 2018-2367/B and C |
| Judge: Nelida Malave-Gonzalez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT, BRONX COUNTY

December 29, 2023

ESTATE OF WALTER ISSAC HUGGINS, Deceased
File No.: 2018-2367/B and C

Currently pending in this estate is a proceeding commenced by one of the decedent's sons (Emmanuel) to be appointed administrator (File No. 2018-2367/B) and a cross-petition (File No. 2018-2367/C) filed by another son (Walter Jr.), also seeking appointment as administrator. In addition, Walter Jr. filed objections to Emmanuel's application, despite having initially signed a waiver and consent. Emmanuel now moves to strike Water Jr.'s cross-petition as well as his objections arguing there is no basis for the cross petition and given the filed waiver and consent, the objections should not have been taken in. Walter cross-moves seeking to set aside his previously executed and filed waiver and consent to Emmanuel's application so that he may pursue his objections to that petition and his cross-petition seeking to be appointed administrator.

The decedent died on October 2, 2018 survived by a spouse and four children. A decree appointing the spouse as administrator was entered on March 30, 2019 directing that letters would issue to her upon her filing a bond in the penal sum of $200,000. No bond was filed and letters never issued to the spouse.

Emmanuel's petition was filed on September 10, 2020 and

listed the spouse as having post-deceased. It also included documents indicating that Emmanuel had been appointed personal representative of the spouse's estate in South Carolina. He also filed waivers and consents from all of the decedent's other children, including Walter Jr. who signed his waiver and consent on July 8, 2020 which was filed with the court on September 10, 2020. However, there appear to have been additional clerical requirements for the issuance of a decree to Emmanuel that may not have been conveyed to his attorney.

On December 1, 2021 Walter Jr., proceeding pro se, filed objections to Emmanuel's petition despite his filed waiver and consent to Emmanuel's application. However, the proper procedural remedy for Walter Jr. was to seek withdrawal of the filed waiver and consent and then leave to file objections. Notwithstanding, Walter Jr. retained counsel who filed a cross-petition on September 16, 2022 and attempted to file objections in proper form that were not accepted for filing at that time. Walter's initial cross petition erroneously depicted certain additional individuals as distributees who were not named in Emmanuel's petition, causing delays in processing both applications. Those individuals were ultimately determined to be distributees of the post-deceased spouse from a prior marriage and not distributees of this estate.

Both sets of objections filed by Walter Jr. essentially allege

[* 2]

that Emmanuel is not qualified to serve as administrator of this estate as a result of the long delay in attempting to secure his appointment as administrator. He avers that the alleged deficiencies in Emmanuel's filings and the long delays in correcting those deficiencies resulted in the estate's languishing with no fiduciary. He further alleges that, as a result of this delay, assets of the estate may have been lost, misplaced or misappropriated and that Emmanuel has failed to secure additional estate property located outside of New York. Accordingly, he alleges Emmanuel is not qualified to serve as a fiduciary and Walter, Jr. should be appointed. Thereafter, the parties unsuccessfully engaged in mediation, and the estate remains unadministered.

In support of his motion Emmanuel argues that Walter Jr. signed a waiver and consent to his application and as he had not previously moved to set aside that waiver and consent his initial objections were improperly filed. Emmanuel further notes that it was not until the cross motion was filed that there was a formal request to withdraw Emmanuel's waiver and consent to his proceeding. In order to set aside the waiver and consent Walter Jr. has to allege proper grounds to do so. Although a decree has not yet entered, a waiver and consent can be deemed to be a stipulation which a court will only set it aside if the moving party can demonstrate good cause, i.e. fraud, collusion, mistake or some other similar ground, and Walter Jr. has not alleged any of these grounds.

[* 3]

Emmanuel also avers that a party seeking to set aside a stipulation must demonstrate a reasonable probability of success. Walter Jr. has failed to show that he will succeed in asserting his objections and the only reason he furnishes for seeking to withdraw his consent is his allegation that Emmanuel is not qualified to serve as a result of the delay in being appointed fiduciary.

In opposition to the motion and in support of his cross-motion Walter Jr. asserts the same allegations from his objections arguing that Emmanuel has failed to timely follow through with his petition and as a result of this failure the estate has been mishandled. Walter Jr. argues three years have passed since the filing of the original petition in 2020 and Emmanuel has not been appointed fiduciary to date, demonstrating he is not qualified to serve as fiduciary pursuant to SCPA 707(1)(d).

In opposition to the cross-motion Emmanuel notes that it is Walter Jr.'s burden to prove grounds for setting aside his waiver and consent and he has not met that burden. Noting that Walter Jr. has not alleged any appropriate basis to set aside his waiver nor has he shown that he will succeed on the merits of his objection, his cross-motion should accordingly be dismissed. Moreover, based on the previously filed waiver and consent, the objections and cross-petition should likewise be dismissed and Emmanuel's petition granted.

[* 4]

Filing a "waiver and consent" serves as a notice of appearance and serves to confer jurisdiction and waiver of the issuance of citation thereby functioning as a consent to the relief sought in the proceeding (SCPA 401 [4]; Estate of Frutiger, 29 NY2d 143 [1971]). "In this context, and absent any demonstrable consideration or other contractual element, the consent is clearly and essentially a stipulation made by a party to the proceeding; and it must be treated in accordance with the rules governing stipulations in actions generally" (see Estate of Frutiger, 29 NY2d at 148 [1971]). Courts reviewing requests to withdraw a waiver and consent use a different standard based on whether a decree has entered (see Matter of Frutiger, 29 NY2d 143, 149 [1971]). Granting leave to withdraw a filed waiver and consent is discretionary with the Court, and upon a showing of good cause is available in instances of fraud, collusion, overreaching, material misrepresentations, misconduct by the respondent or newly discovered evidence (see Estate of Knapp, 220 AD3d 529 [1st Dept 2023][citations omitted]).

At the outset, the Court notes it was error to have taken in both the pro se objections and cross-petition filed by Walter Jr. since jurisdiction was rendered complete upon the filing of his waiver and consent. Emmanuel's counsel correctly notes that there should have been a request to set aside that waiver prior to any documents in opposition to

Emmanuel's petition being filed. Notwithstanding, the Court addresses the contentions contained in Walter Jr.'s motion.

Where, as here, the application for leave to withdraw a waiver and consent is made prior to the entry of a decree, courts liken the waiver and consent to a stipulation, and treat the application accordingly (see Matter of Frutiger, 29 NY2d at 143, 149-150 [1971]). Specifically, in Frutiger, a case of first impression, the Court of Appeals stated that a waiver and consent could be withdrawn prior to the entry of a probate decree, even though the movant had "inadvertently, unadvisably or improvidently" executed the waiver, provided that it "would be inequitable to hold" him to the waiver and "all parties can be restored substantially to their former position" (29 NY2d at 150). Nonetheless, although proof of "good cause" may be more relaxed prior to the entry of a decree, there must still be a demonstration of merit and a reasonable probability of success (see Matter of Frutiger, 29 NY2d at 150; Matter of Gunz, NYLJ, Jun. 5, 1992, at 29, col 2).

Against this backdrop, it is clear there is no basis to set aside Walter Jr.'s filed waiver as he fails to demonstrate any of the requisite factors, for example, fraud, duress, material misrepresentation, overreaching, etc. Instead, the crux of his argument stems from the grounds contained in the objections concerning revocation of letters and

[* 6]

7

petitioner's fitness in serving as fiduciary. While his allegations allege that the petitioner has delayed the matter, it is clear that the delays are not entirely attributable to Emmanuel's conduct but rather misdirection and miscommunication between counsel and the court -- matters that were not under Emmanuel's control. The allegations that Emmanuel is unfit to serve are all related to a delay in his appointment and not to any actions taken or not taken by Emmanuel. The only allegation that perhaps might be concerning is that he is alleged to have misappropriated funds. However, this is a bare allegation with no supporting evidence and can be addressed in an appropriate accounting proceeding and further mitigated by requiring Emmanuel to procure a bond. At this time, allowing Walter Jr. to withdraw his waiver and consent will only further delay this estate and possibly jeopardize the assets that he is concerned about preserving.

Accordingly, this decision constitutes the order of the court granting Emmanuel's motion striking the filed pro se objections and the cross-petition and denying the cross-petition in its entirety. A decree may be settled granting letters of administration to Emmanuel upon his filing a bond in the penal sum of $200,000.00.

Settle decree.

_____
HON. NELIDA MALAVE-GONZALEZ
SURROGATE

[* 7]